## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Marc Fiedler, et al.,

    Plaintiffs,

  v.         Civil Action No. 1:08CV00225 (PLF)

MHG Café Dupont, LLC,

    Defendant.

## <u>ANSWER OF DEFENDANT MHG CAFÉ DUPONT, LLC</u>

Defendant MHG Café Dupont, LLC, by and through its undersigned counsel, respectfully answers plaintiff's Complaint as follows:

1.  This paragraph contains conclusions of law to which an answer is not required; to the extent they may be deemed allegations of fact, defendant denies them.

2.  Defendant admits that it owns and operates a restaurant named Circa at Dupont and that Circa at Dupont opened for business in the Spring of 2007. The remainder of this paragraph contains conclusions of law to which an answer is not required; to the extent they may be deemed allegations of fact, defendant denies them.

3.  This paragraph contains conclusions of law to which an answer is not required. Defendant denies that plaintiff is entitled to relief in any form.

4.  This paragraph contains allegations of jurisdiction or conclusions of law to which an answer is not required.

5.  This paragraph contains allegations of jurisdiction or conclusions of law to which an answer is not required.

6.      This paragraph contains allegations of jurisdiction or conclusions of law to which an answer is not required.

7.      This paragraph contains allegations of jurisdiction or conclusions of law to which an answer is not required.

8.      Defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph, and on that basis denies them.  Defendant admits that Marc Fiedler uses a wheelchair.

9.      Defendant lacks sufficient knowledge to admit or deny the allegations of this paragraph, and on that basis denies them.

10.     Defendant admits that MHG Café Dupont, LLC is a limited liability company formed under the laws of the state of Delaware and that its principal place of business is at 1601 Connecticut Avenue, N.W., Washington, DC.  The remaining allegations of this paragraph contain conclusions of law to which an answer is not required.

11.     The statute speaks for itself.  In addition, this paragraph contains conclusions of law to which an answer is not required.

12.     The statute speaks for itself.  In addition, this paragraph contains conclusions of law to which an answer is not required.

13.     The statute speaks for itself.  In addition, this paragraph contains conclusions of law to which an answer is not required.

14.     The statute speaks for itself.  In addition, this paragraph contains conclusions of law to which an answer is not required.

15.     The statute speaks for itself.  In addition, this paragraph contains conclusions of law to which an answer is not required.

16.      The statute speaks for itself.  In addition, this paragraph contains conclusions of law to which an answer is not required.

17.      The statute speaks for itself.  In addition, this paragraph contains conclusions of law to which an answer is not required.

18.      The statute speaks for itself.  In addition, this paragraph contains conclusions of law to which an answer is not required.

19.      The regulations speak for themselves.  In addition, this paragraph contains conclusions of law to which an answer is not required.

20.      The regulations speak for themselves.  In addition, this paragraph contains conclusions of law to which an answer is not required.

21.      The statute speaks for itself.  In addition, this paragraph contains conclusions of law to which an answer is not required.

22.      The statute speaks for itself.  In addition, this paragraph contains conclusions of law to which an answer is not required.

23.      This paragraph contains conclusions of law to which an answer is not required.

24.      Defendant admits that Circa at Dupont Restaurant opened for business in the Spring of 2007 at 1601 Connecticut Avenue N.W., Washington, D.C.  Defendant further admits that the location occupied by Circa was occupied by Wrapworks.  Defendant admits that Wrapworks had an entrance facing Connecticut Avenue.

25.      Defendant denies the allegations of this paragraph except to admit the following:  Defendant admits that the only regular entrance when Circa opened was on Q Street. Defendant further admits that, when Circa opened, Connecticut Avenue was generally not used

as an entrance, and the doors generally remained locked during business hours.  Defendant

further admits that the Q Street entrance has a small step.

26.     Defendant lacks sufficient knowledge or information to admit or deny the

allegations of this paragraph, and on that basis denies them.

27.     With respect to the allegations in the first three sentences of this paragraph,

the email correspondence between Marc Fiedler, Stephen Gavula, and Matthew Carlin speaks for

itself.  Defendant denies the remaining allegations of this paragraph except to admit the

following:  With respect to the fourth sentence, defendant admits that Mr. Fiedler and Mr. Carlin

met sometime in late July, at Mr. Carlin's request, to discuss wheelchair accessibility issues.

With respect to the fifth sentence, defendant admits that at the late July meeting between Mr.

Carlin and Mr. Fiedler, Mr. Carlin stated that he was reviewing and exploring the option of

having a ramp installed at the Q Street entrance.  With respect to the seventh sentence, defendant

admits that Mr. Fiedler, at the late July meeting with Mr. Carlin, stated that the previous owner

of the space has used an entrance on Connecticut Avenue and Mr. Fiedler asked Mr. Carlin to

use the Connecticut Avenue entrance.

28.     Defendant denies the allegations of this paragraph except to admit the

following:  During the late July meeting between Mr. Fiedler and Mr. Carlin, Mr. Carlin showed

Mr. Fiedler a portable ramp that had been purchased to provide access to the Q Street entrance

until a more permanent solution could be implemented.  Defendant further admits that the

portable ramp was not permanently placed at the entrance, but could be used upon request.

Defendant further admits that there was no signage notifying individuals of the availability of the

portable ramp.  Defendant further admits that, at the late July meeting between Mr. Carlin and

Mr. Fiedler, Mr. Fiedler stated that portable ramp did not comply with ADA standards because its slope was excessive and because it did not have a level landing at the top.

       29.      The July 26 email speaks for itself.

       30.      The August 9 email correspondence speaks for itself.

       31.      Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and on that basis denies them.

       32.      The September 26 and September 28 emails speak for themselves.

       33.      The November 9 email speaks for itself.

       34.      Defendant denies the allegations of this paragraph except to admit that the movable ramp referred to by Mr. Carlin was the portable ramp shown by Mr. Carlin to Mr. Fiedler at the late July meeting and that no signage at the exterior of the restaurant indicated the presence of the portable ramp.

       35.      Defendant lacks sufficient knowledge or information to admit or deny whether ERC performed an inspection of Circa in January 2008, and on that basis denies that an inspection occurred.  Defendant admits that in January 2008 no signage identified whether an entrance was handicapped-accessible.  Defendant further admits that, in January 2008, it did not have a table with knee spaces at least 27 inches high, 30 inches wide, and 19 inches deep and with a top of the table is between 28 to 34 inches off the finish floor of the ground.  Defendant further admits that, in January 2008, the service and ordering counter did not have a space at least 36 inches wide and approximately 36 inches off the ground.  Defendant further admits that, as of January 2008, there was some movable furniture in the bathrooms.  Defendant further admits that, as of January 2008, there were two entrances to the outdoor seating area.  One of

those entrances had a small step at the entrance from the restaurant, and an entrance from the outside had a gate that was less than 42 inches wide.

36.     Defendant lacks sufficient knowledge or information to admit or deny whether ERC performed an inspection of Circa in January 2008, and on that basis denies that an inspection occurred.  Defendant admits that, during January 2008, orders were generally placed, paid for and received at the ordering counter.

37.     This paragraph contains conclusions of law to which an answer is not required.

38.     Defendant admits that it received a letter from the plaintiffs on January 23, 2008.  The letter and its attachments speak for themselves.

39.     Defendant denies the allegations of this paragraph.

40.     Defendant admits that it has installed hardware and unlocked one set of doors on the Connecticut Avenue side of the restaurant on or about February 1, 2008 and defendant denies the remainder of the first sentence of this paragraph.  With respect to the third sentence, defendant admits that the Connecticut Avenue entrance may require an individual in a wheelchair to request assistance to open the doors.  The remaining allegations of this paragraph contain conclusions of law to which an answer is not required.

41.     This paragraph contains conclusions of law to which an answer is not required.

42.     This paragraph contains conclusions of law to which an answer is not required.

43.     Defendant admits that, as of February 1, it has removed certain furniture in its restrooms and defendant denies the remainder of this paragraph.

44.        Defendant denies the allegations of this paragraph.

45.        Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and on that basis denies them.

46.        This paragraph contains conclusions of law to which an answer is not required. To the extent the allegations in this paragraph may be deemed allegations of fact, defendant denies them.

47.        This paragraph contains conclusions of law to which an answer is not required. To the extent the allegations in this paragraph may be deemed allegations of fact, defendant denies them.

48.        This paragraph contains conclusions of law to which an answer is not required. To the extent the allegations in this paragraph may be deemed allegations of fact, defendant denies them.

49.        This paragraph contains conclusions of law to which an answer is not required. To the extent the allegations in this paragraph may be deemed allegations of fact, defendant denies them.

50.        This paragraph contains conclusions of law to which an answer is not required. To the extent the allegations in this paragraph may be deemed allegations of fact, defendant denies them.

51.        Defendant incorporates by reference herein its responses to paragraphs 1-50 of plaintiff's Complaint.

52.        The statute speaks for itself.

53.        This paragraph contains conclusions of law to which an answer is not required.

54.    This paragraph contains conclusions of law to which an answer is not required.

55.    Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and on that basis denies them.

56.    This paragraph contains conclusions of law to which an answer is not required.

57.    The statute speaks for itself.

58.    The statute and regulation speak for themselves.

59.    This paragraph contains conclusions of law to which an answer is not required.

60.    This paragraph contains conclusions of law to which an answer is not required.

61.    The statute speaks for itself.

62.    The statute speaks for itself.

63.    This paragraph contains conclusions of law to which an answer is not required. To the extent the allegations in this paragraph may be deemed allegations of fact, defendant denies them.

64.    The statute speaks for itself.

65.    This paragraph contains conclusions of law to which an answer is not required. To the extent the allegations in this paragraph may be deemed allegations of fact, defendant denies them.

66.    The statute and regulation speak for themselves.

67.    This paragraph contains conclusions of law to which an answer is not required.

68.    This paragraph contains conclusions of law to which an answer is not required. To the extent the allegations in this paragraph may be deemed allegations of fact, defendant denies them.

69.    Defendant incorporates by reference herein its responses to paragraphs 1-68 of plaintiff's Complaint.

70.    The statute speaks for itself.

71.    This paragraph contains conclusions of law to which an answer is not required.

72.    Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and on that basis denies them.

73.    This paragraph contains conclusions of law to which an answer is not required.

74.    This paragraph contains conclusions of law to which an answer is not required.

75.    The statute speaks for itself.

76.    The statute speaks for itself.

77.    This paragraph contains conclusions of law to which an answer is not required.  To the extent the allegations in this paragraph may be deemed allegations of fact, defendant denies them.

78.    Defendant denies the allegations of this paragraph.

79.    Defendant denies the allegations of this paragraph.

Defendant denies each and every allegation of plaintiff's Complaint not expressly admitted above.  Defendant denies that plaintiff is entitled to relief in any form.

## AFFIRMATIVE AND SEPARATE DEFENSES

### First Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiffs' Complaint is moot.

### Third Defense

The imposition of punitive or exemplary damages in this case would violate defendant's rights to substantive and procedural due process under the Fifth and Fourteenth Amendments to the Constitution of the United States.

### Fourth Defense

The imposition of punitive or exemplary damages in this case would violate defendant's right to protection from excessive fines under the Eighth Amendment to the Constitution of the United States.

### Fifth Defense

The Complaint fails to set forth facts sufficient to constitute a claim for punitive or exemplary damages in that defendant did not act with malice, fraud, oppression, or any other state sufficient to sustain punitive or exemplary damages with respect to plaintiff.

### Sixth Defense

Plaintiffs failed to mitigate any damages they allegedly suffered.

**Seventh Defense**

Each and every purposed cause of action alleged in plaintiffs' Complaint is barred in whole or in part by the doctrines of unclean hands, estoppel, laches, and/or waiver.

**Eighth Defense**

Compensatory and punitive damages are not available under Title III of the Americans with Disabilities Act.

**Ninth Defense**

Attorneys' fees are not available because a judicial remedy is unnecessary. *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res.*, 532 U.S. 598 (2001)

**Tenth Defense**

Defendant reserves the right to amend this Answer or to raise additional defense as appropriate.

WHEREFORE, having answered plaintiff's Complaint and set forth its defenses thereto, defendant respectfully requests that this Court:

  a.  Order that the plaintiffs take nothing by this lawsuit;

  b.  Dismiss this action with prejudice;

  c.  Grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated:  March 24, 2008

F. Joseph Warin, D.C. Bar No. 235978
Jason C. Schwartz, D.C. Bar No. 465837
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W., Suite 900
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March, 2008, I caused to be served a copy of the

foregoing Defendant's Answer via the Court's electronic filing system upon the following:

> Alan Swirski
> 1440 New York Ave., NW
> Washington, DC 20005
>
> Elizabeth Elaine Garner
> Washington Lawyers' Committee for Civil Rights
> 11 Dupont Circle, NW, Suite 400
> Washington, DC 20036

Jason C. Schwartz