IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marc Fiedler, *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>MHG Café Dupont, LLC,<br>1601 Connecticut Avenue, N.W.<br>Washington, DC 20009<br><br>       Defendant. | Civil Action No. 1:08CV00225 (PLF) |

**DEFENDANT MHG CAFÉ DUPONT, LLC'S NOTICE OF SUPPLEMENTAL
DECLARATION AND OF ADDITIONAL MOOT CLAIMS**

Defendant MHG Café Dupont, LLC, respectfully submits this supplemental declaration of Stephen Gavula in support of its partial motion to dismiss plaintiffs' complaint or to strike certain allegations filed with this Court on March 24, 2008.

1.  This supplemental declaration is submitted to correct, clarify and update the declaration signed by Stephen Gavula on March 24, 2008. Exh. E to Doc. No. 9.

2.  In addition to the correction and clarification set forth in paragraphs 2 and 3 of the supplemental declaration, this declaration updates the Court on the progress of responding to issues raised by the plaintiffs in their complaint.

3.  With respect to the allegations in paragraph 35(b) of the complaint, the bakery case at Circa has been removed and a new bar has been installed. *See* Supplemental Declaration of Stephen Gavula at ¶ 5. Part of this new bar includes a retractable shelf that when in use is at least 36 inches wide and is less than 36 inches above the finish floor. *Id.* Wait service is also available during all of Circa's business hours. *See* Declaration of Stephen Gavula ¶ 2 (Exh. E. to Doc. No. 9). Theses changes render paragraph 35(b) of the complaint and related claims moot.

4. With respect to the allegations in paragraph 35(d) of the complaint, the outdoor eating area to Circa at Dupont has a gate at its Q Street entrance that allows wheelchair users access. *See* Supplemental Declaration of Stephen Gavula at ¶ 4. When that gate is open at 90 degrees, there is a clear opening of more than 32 inches. *Id.* These changes render paragraph 35(d) of the complaint and related claims moot.

5. As a result of the additional declaration of Stephen Gavula and for the reasons stated in pages 5-8 of the defendant's memorandum of points and authorities in support of its partial motion to dismiss plaintiffs' complaint or to strike certain allegations (Doc. No. 9), defendant requests that, as part of its previously-filed partial motion to dismiss or to strike certain allegations, paragraphs 35(b) and (d) of the Complaint (and related claims) be deemed moot pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Dated: April 22, 2008

Respectfully submitted,

_____
F. JOSEPH WARIN, D.C. Bar No. 235978
JASON C. SCHWARTZ, D.C. Bar No. 465837
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, District of Columbia 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

Attorneys for Defendant
MHG CAFÉ DUPONT, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marc Fiedler, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br><br>MHG Café Dupont, LLC,<br><br>    Defendant. | Civil Action No. 1:08CV00225 (PLF) |

## SUPPLEMENTAL DECLARATION OF STEPHEN GAVULA

I, Stephen Gavula, declare and state as follows:

1. I am the President and Managing Member of MHG Café Enterprises, LLC, of which MHG Café Dupont, LLC (dba Circa at Dupont or "Circa"), the named defendant in the above-captioned matter, is a wholly-owned subsidiary. As President and Managing Member, I manage Circa, located at 1601 Connecticut Avenue, NW, Washington, DC, which opened for business on April 17, 2007. My management responsibilities regarding Circa include design and structural issues. I offer this Declaration to correct, clarify and update the Declaration I signed on March 24, 2008 regarding this matter. The statements set forth in this Declaration are based upon my personal knowledge and upon information that I acquired during the regular performance of my duties as President of the MHG Café Enterprises, LLC.

2. With respect to paragraph 3 of my Declaration of March 24, 2008, the third sentence should be stricken as it is an error.

3. With respect to paragraph 4 of my Declaration of March 24, 2008, I would like to clarify that two of the seats at the table mentioned in that paragraph provide knee spaces at least 27 inches high, 30 inches wide, and 19 inches deep.

4.  With respect to paragraph 6 of my Declaration of March 24, 2008, the outside gate discussed in that paragraph has now been installed. When that gate is open at 90 degrees, there is a clear opening of more than 32 inches.

5.  With respect to paragraph 7 of my Declaration of March 24, 2008, the bakery case mentioned in that paragraph has been removed and a new bar has been installed. Part of this new bar includes a retractable shelf. When in use, the shelf is at least 36 inches wide and is less than 36 inches above the finish floor.

I declare under penalty of perjury that the foregoing is true and correct.

Washington, DC
April 22, 2008

_____
Stephen Gavula

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd Day of April, 2008, I caused to be served a copy of the foregoing Defendant's Notice of Supplemental Declaration and of Additional Moot Claims via the Court's electronic filing system upon the following :

>Alan Swirski
>1440 New York Ave., NW
>Washington, DC 20005
>
>Elizabeth Elaine Garner
>Washington Lawyers' Committee for Civil Rights
>11 Dupont Circle, NW, Suite 400
>Washington, DC 20036

>*[signature]*
>Daniel J. Davis