UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARC FIEDLER<br>and<br>EQUAL RIGHTS CENTER,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>MHG CAFÉ DUPONT, LLC,<br><br>　　　　Defendant.<br>_____/ | *<br>*<br>*<br>*<br>*<br>*  CIVIL ACTION NO. 1:08-cv-00225<br>*<br>*<br>*<br>*<br>* |

**Parties' Joint Meet and Confer Statement**

Pursuant to Local Rule 16.3, the parties conferred on June 9, 2008. This report sets out the positions of the parties and any agreements reached. The parties set forth below the relevant text of each subpart of the rule (in bold) followed by the parties' joint position, if there is one, or by the Plaintiffs' and the Defendant's positions where they are not in agreement.

**16.3(c)(1): Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

The parties agree that Plaintiffs may visit Defendant's premises at a mutually-agreed, reasonably convenient time and date for the limited purpose of inspecting the restaurant to verify the new assertions in Defendant's Reply in Further Support of Its Partial Motion to Dismiss.

Plaintiffs believe that this case is unlikely to be resolved by dispositive motion. Plaintiffs believe that the partial motion to dismiss filed by Defendant is unlikely to prevail and note that in any event, the partial motion to dismiss is not dispositive. Plaintiffs request that discovery commence on June 15, 2008.

Defendant believes that its partial motion to dismiss is likely to resolve most of the issues in this case, and that the remaining issue can be resolved once the necessary permits are obtained and a new door is installed at the Connecticut Avenue entrance of the restaurant. Defendant therefore requests that, with the exception of the inspection of the restaurant referenced above, discovery be stayed until the Court rules on the partial motion to dismiss.

**16.3(c)(2): The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties agree that any joinder of new parties or amendment to the pleadings should take place within 90 days of this filing. The parties will attempt to stipulate to as many facts as possible.

**16.3(c)(3): Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties recommend that this case remain assigned to Judge Friedman.

**16.3(c)(4): Whether there is a realistic possibility of settling the case.**

The parties have engaged in settlement discussions.

Plaintiffs note that the parties have been far apart in settlement negotiations, and Plaintiffs are not confident that this matter will settle out of court.

Defendant requests that this case be referred to a Magistrate Judge for a settlement conference.

**16.3(c)(5): Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**
    **(i) the client's goals in bringing or defending the litigation; (ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement (iii) the point during the litigation when ADR would be most appropriate, with special**

**consideration given to: (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and (bb) whether ADR should take place before or after the judicial resolution of key legal issues; (iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and (v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

Alternative Dispute Resolution was proposed by Defendant. Plaintiffs and their counsel have discussed ADR and have decided that it is not likely that the case will be resolved in this manner.

**16.3(c)(6): Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

A partial motion to dismiss was filed on March 24, 2008. Plaintiffs request that a ruling on the motion be made by July 31, 2008, to clarify the scope of discovery. Plaintiffs do not believe that the case can be resolved by summary judgment or motion to dismiss.

Defendant believes that the partial motion to dismiss will resolve many of the issues in the case and that, once the necessary permits are obtained and the Connecticut Avenue door is installed, a further motion to dismiss will resolve all issues in the case. If necessary, a motion for summary judgment may resolve the case as well.

The parties recommend that any summary judgment motions be due no later than sixty days after the close of discovery; responses in opposition be due thirty days thereafter; and replies be due twenty days thereafter. The parties further recommend that the Court issue a decision on any such motions within sixty days of the completion of briefing.

**16.3(c)(7): Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree to proceed with the initial disclosures and recommend that they be due twenty-one days after the Court issues its Scheduling Order.

**16.3(c)(8): The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties agree that discovery should conclude no later than December 1, 2008. Plaintiffs request that discovery begin on June 15, 2008. Defendant requests that, with the exception of the inspection referenced above, discovery be stayed until a ruling on the partial motion to dismiss has been issued, but agrees that it should conclude no later than December 1, 2008.

The parties recommend that no limits be placed on discovery beyond those imposed by the Federal Rules of Civil Procedure unless otherwise agreed or ordered. Answers to interrogatories, requests for document production, and requests for admission should be completed and served upon counsel via PDF no more than thirty days from the date of service or as otherwise agreed or ordered. The parties do not believe that a protective order is necessary in this matter at this time.

**16.3(c)(9): Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties recommend that the Court order Plaintiffs to produce any expert reports by October 1, 2008; order Defendant to produce any rebuttal expert reports by October 31, 2008; and order any necessary depositions of expert witnesses to be completed by December 1, 2008.

**16.3(c)(10): In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

This matter is not a class action.

**16.3(c)(11): Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties do not believe that discovery or the trial should be bifurcated or managed in phases.

**16.3(c)(12): The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties recommend that the Court schedule the pretrial conference on or about April 15, 2009.

**16.3(c)(13): Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties recommend that the Court should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**16.3(c)(14): Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties do not believe that any additional matters need to be addressed in a scheduling order.

Dated: June 10, 2008

RESPECTFULLY SUBMITTED,

*Jason C. Schwartz/by DWF*
F. Joseph Warin
(D.C. Bar No. 235978)
Jason C. Schwartz
(D.C. Bar No. 465837)
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave, N.W., Suite 300
Washington, DC, 20036
Tel: (202) 955-8500
Fax: (202) 467-0539

*Attorneys for Defendant*

*E. Elaine Gardner/by DWF*
E. Elaine Gardner
(D.C. Bar. No. 271262)
Washington Lawyer's Committee for Civil Rights
and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, DC 20036
Tel: (202) 319-1000
Fax: (202) 319-1010

Alan J.J. Swirski
(D.C. Bar No. 420046)
1440 New York Avenue, N.W.
Washington, D.C. 20005
Tel: (202) 371-7610
Fax: (202) 661-0510

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARC FIEDLER | * | |
| and | * | |
| EQUAL RIGHTS CENTER, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | CIVIL ACTION NO. 1:08-cv-00225 |
| v. | * | |
| | * | |
| MHG CAFÉ DUPONT, LLC, | * | |
| | * | |
| Defendant. | * | |
| _____/ | | |

**[Plaintiffs' Proposed] Scheduling Order**

Upon consideration of the parties' Joint Rule 16.3 Report, it is hereby ORDERED as follows:

1. Parties shall serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than twenty-one days after the date of this Scheduling Order.

2. Parties shall join any additional parties or make any amendments to the pleadings no later than ninety days after the date of this Scheduling Order.

3. Discovery shall commence on June 15, 2008.

4. Plaintiffs shall serve on Defendant any expert reports by October 1, 2008. Defendant shall serve on Plaintiffs any rebuttal expert reports by October 31, 2008. Discovery, including any depositions of experts, shall close by December 1, 2008.

5. Answers to interrogatories, requests for document production, and requests for admission shall be completed and served upon counsel via PDF no more than thirty days from the date of service unless otherwise agreed or ordered.

2

      6.      Any summary judgment motion shall be filed no later than January 30, 2009. Any response thereto shall be filed within thirty days of service thereof, and any reply shall be filed within twenty days of service thereof.

      7.      A pre-trial conference is scheduled for April 15, 2009.

**It is so ORDERED.**

Dated this _____ day of _____, 2008.

_____
The Honorable Paul L. Friedman
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARC FIEDLER <br> and <br> EQUAL RIGHTS CENTER, <br><br> Plaintiffs, <br><br> v. <br><br> MHG CAFÉ DUPONT, LLC, <br><br> Defendant. <br> _____/ | * <br> * <br> * <br> * <br> * <br> * CIVIL ACTION NO. 1:08-cv-00225 <br> * <br> * <br> * <br> * <br> * |

**[Defendant's Proposed] Scheduling Order**

Upon consideration of the parties' Joint Rule 16.3 Report, it is hereby ORDERED as follows:

1. Parties shall serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than twenty-one days after the date of this Scheduling Order.

2. Parties shall join any additional parties or make any amendments to the pleadings no later than ninety days after the date of this Scheduling Order.

3. Discovery shall be stayed until the Court rules upon Defendant's Partial Motion to Dismiss, except that Plaintiffs shall be permitted to inspect the Defendant's premises at a mutually-agreed, reasonable time and date for the limited purpose of verifying any new statements in Defendant's Reply in Further Support of Its Partial Motion to Dismiss.

4. Plaintiffs shall serve on Defendant any expert reports by October 1, 2008. Defendant shall serve on Plaintiffs any rebuttal expert reports by October 31, 2008. Discovery, including any depositions of experts, shall close by December 1, 2008.

2

5.      Answers to interrogatories, requests for document production, and requests for admission shall be completed and served upon counsel via PDF no more than thirty days from the date of service unless otherwise agreed or ordered.

6.      Any summary judgment motion shall be filed no later than January 30, 2009. Any response thereto shall be filed within thirty days of service thereof, and any reply shall be filed within twenty days of service thereof.

7.      A pre-trial conference is scheduled for April 15, 2009.

**It is so ORDERED.**

Dated this _____ day of _____, 2008.

_____
The Honorable Paul L. Friedman
United States District Judge

2